# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHANIE TUCKER, | ) | |
| | ) | |
| Appellant, | ) | |
| vs. | ) | NO. CIV-09-1137-HE |
| | ) | |
| KAREN OLIVER and MIKE OLIVER, | ) | |
| | ) | |
| Appellees. | ) | |

## JUDGMENT AND ORDER

In this appeal, appellant Stephanie Tucker challenges the determination of the U. S. Bankruptcy Court that a debt owed her by the appellee-debtors, Karen Oliver and Mark Oliver, is dischargeable in bankruptcy. The debt arose from a judgment for attorneys fees in Ms. Tucker's favor, previously entered by an Oklahoma state court in a proceeding where the Oliver's, as grandparents of Ms. Tucker's child,[1] sought unsuccessfully to establish visitation rights as to the child.

The question of the dischargeability of the debt was tried to the Bankruptcy Court on stipulated facts. The Bankruptcy Court's determination was essentially one of statutory construction and was, in the circumstances of this case, purely one of law. This court's review is therefore *de novo*. <u>In re Primeline Sec. Corp.</u>, 295 F.3d 1100, 1105 (10th Cir. 2002).

The question here boils down to whether the attorneys fee judgment qualifies as a "domestic support obligation" within the meaning of 11 U.S.C § 101(14A), thus making it

---

[1]The Olivers are the parents of the father of the child. The father was formerly married to appellant and is now deceased.

non-dischargeable under 11 U.S.C. § 523.[2] Section 101(14A) expressly defines the persons to whom the court-ordered, support related obligation must be owed for it to be a "domestic support obligation." To qualify, the debt must be owed to or recoverable by "a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative." 11 U.S.C. § 101(14A)(A). The undisputed facts make it clear that Ms. Tucker, as the former daughter-in-law of the debtors, is none of these.

Ms. Tucker's argues here, as she did to the Bankruptcy Court, that as the debtors were asserting rights in the state court proceeding which were akin to those of a parent, they should be viewed as parents for purposes of § 101(14A). The Bankruptcy Court rejected that argument, concluding the *in loco parentis* argument was "far-fetched and unsupported by the plain language of the statute and any relevant authority." Findings of Fact and Conclusions of Law, filed July 30, 2009 [Doc. #29]. Ms. Tucker's proposed application of the statute is, indeed, inconsistent with its plain language. Ordinarily, that conclusion would end the inquiry.[3] However, confronting the question of whether support obligations are dischargeable in bankruptcy, the Tenth Circuit Court of Appeals has shown some willingness to interpret the statutory language in a way which goes beyond its plain language.

In Jones v. Jones, 9 F.3d 878 (10th Cir. 1993), the debt at issue arose from a post-

---

[2]*Title 11 U.S.C. § 523(a)(5) provides that a discharge in bankruptcy does not discharge an individual debtor "from any debt . . . for a domestic support obligation."*

[3]*As the Supreme Court has stated in the context of construing the Bankruptcy Code: "[w]here the statutory language is clear, [the courts'] sole function . . . is to enforce it according to its terms."* Rake v. Wade, *508 U.S. 464, 471 (1993).*

2

divorce custody fight between Mr. and Mrs. Jones. Mrs. Jones had been ordered to pay attorneys fees and costs incurred by Mr. Jones in his defense of her motion to modify custody. When Mrs. Jones filed bankruptcy, the bankruptcy court concluded the indicated debt to Mr. Jones was dischargeable on the basis that the fees related to a custody battle rather than an action for support. The version of 11 U.S.C. § 523(a)(5) then in effect rendered a debt owed to a "spouse, former spouse, or child of the debtor" for the "support of such spouse or child" to be non-dischargeable to the extent it was "in the nature of alimony, maintenance, or support." On appeal, the district court rejected the bankruptcy court's more narrow reading of the statute, concluding that a determination of child custody was essential to a child's proper "support" and that a debt incurred in connection with that determination should therefore be considered in the nature of support. It concluded the debt was non-dischargeable.

On further appeal to the Tenth Circuit, that court noted the general rule of construing statutory objections to discharge narrowly so as to be consistent with the general purpose of giving the debtor a "fresh start." Jones v. Jones, 9 F.3d at 880. It also noted, however, that congressional policy regarding § 523(a)(5) "has always been to ensure that genuine support obligations would not be discharged." *Id.* (quoting from Shine v. Shine, 802 F.2d 583, 588 (1st Cir. 1986)). The court ultimately concurred with the district court's view of the matter, concluding that "the term 'support' encompasses the issue of custody absent unusual circumstances not present here" and that, consequently, "court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5)" and

3

are hence non-dischargeable. Jones v. Jones, 9 F.3d at 882.

Similarly, in Miller v. Gentry, 55 F.3d 1487 (10th Cir. 1995), the courts considered whether a debt arising out of an order for the debtor/mother to pay psychologist and other fees incurred in a child custody determination in the parties' divorce case was dischargeable in the mother's subsequent bankruptcy. The bankruptcy court concluded the debt was dischargeable, as it was not owed to a spouse, former spouse or child of the debtor.[4] Relying on Jones, the district court reversed. The Court of Appeals then affirmed the conclusion of non-dischargeability, also relying on Jones. It described its decision in Jones this way:

> The analysis focused entirely upon whether the debt was in the nature of support. We held that it would be inappropriate to require a bankruptcy court to determine the purpose of the custody action and that "in all custody actions, the court's ultimate goal is the welfare of the child." *Jones*, 9 F.3d at 881. Given that premise, we broadly interpreted the term "support" as used in § 523(a)(5) to conclude that "court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child," and that, therefore, the debt was non-dischargeable.

Though it acknowledged that Jones had not addressed the portion of § 523(a)(5) describing who the exempt debt had to be owed to (as opposed to the nature of the debt itself), the Miller court nonetheless viewed itself as being bound by Jones. It held the debt owed to the psychologist to be non-dischargeable, noting:

> In reaching that conclusion, we adhere to the interpretation of § 523(a)(5) by this court in Jones, where the emphasis was placed on the determination of whether the debt is in the nature of support, rather than on the identity of the

---

[4]*Judging from the case caption, the adversary proceeding to determine dischargeabiltiy was against "Gerald Gentry, Ph.D," presumably the psychologist to whom the debt was owed.*

4

payee.

Miller v. Gentry, 55 F.3d at 1490. It noted similar decisions by other courts, stating that "The implication in all of them, however, is that form should not be placed over substance and that it is the nature of the debt that controls, not the identity of the payee." *Id.* Thus, Jones and, more importantly, Miller provide some authority for simply reading the "owed to" language out of the statute and focusing entirely on the nature of the underlying debt.[5]

The court concludes, however, that such a result is unwarranted and that the debt in issue here does not come within the statutory definition of "domestic support obligation." The court reaches that conclusion, notwithstanding Miller, for two principal reasons. First, the statutory language spelling out the pertinent exception to discharge has been modified since Miller. Formerly, the language addressing to whom the non-discharged debt must be owed was included in the language of § 523(a)(5) itself. In 2005, Congress adopted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L.No. 109-08, which amended § 523(a)(5) to provide simply that an individual debtor's indebtedness for a "domestic support obligation" is not discharged. The substantive definition of "domestic support obligation" was shifted to a new and separate section, 11 U.S.C. § 101(14A). The new definition is substantially similar in many respects, but it does identify certain specific and additional groups of persons to which it applies.[6] This suggests a conscious decision on

---

[5]Ms. Tucker's briefs filed in this court and with the bankruptcy court did not mention Miller and made only passing reference to Jones.

[6]In addition to the "spouse, former spouse, or child of the debtor" formerly referenced in § 523(a)(5), § 101(14A) also encompasses debts owed to "such child's parent, legal guardian,

5

Congress' part to focus on which debtors were, or were not, within the scope of the non-dischargeability provision. Further, the format used by Congress in the new definition, which sets out in a separate labeled subsection the requirements as to who the debt is owed to, separate from a distinct subsection setting out the required nature of the obligations, strongly suggests it viewed these as distinct and separate requirements which must both be met in order to meet the definition of "domestic support obligation."

The second reason the court concludes <u>Jones</u> and <u>Miller</u> do not compel a different result is the underlying nature of the obligation. Both of those cases involved debts generated in connection with child custody determinations. Both cases reasoned that custody determinations were necessary to a support determination and hence within the scope, or at least the spirit, of the § 523(a)(5) exemption. Here, by contrast, the underlying fight was not over custody. Rather, it was over <u>visitation</u> rights asserted by the debtor/grandparents. A determination of a grandparent's visitation rights does <u>not</u> necessarily impact a determination of support, hence it is outside the rationale employed by <u>Jones</u> and <u>Miller</u> in ignoring the statutory language.

Ms. Tucker's argument for non-dischargeability of the subject debt is not without appeal as a policy matter. However, Congress, rather than this court or the bankruptcy court, sets the policy and, as noted above, has done so in a way that precludes the relief Ms. Tucker seeks here. While the court views the question as being closer than did the bankruptcy

---

*or responsible relative."*

court, by reason of the indicated appellate cases, it nonetheless concurs in the decision of that court for the same underlying reason identified by it — Ms. Tucker's debt is outside the scope of the statutory definition of those debts which are non-dischargeable.

The decision of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 7th day of January, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE